IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

CHRISTOPHER AYASH,

    Movant,

v.                                                         Case No. 2:19-cv-00508
                                                          Case No. 2:16-cr-00034-1

UNITED STATES OF AMERICA,

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDATION**

This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is the Movant Christopher Ayash's (hereinafter "Defendant") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 47). For the reasons set forth herein, it is respectfully **RECOMMENDED** that the § 2255 motion be **DENIED** and the civil action be dismissed from the docket of the court.

                  *I.*      *RELEVANT PROCEDURAL HISTORY*

A.    Defendant's criminal proceedings.

On April 15, 2016, Defendant waived indictment and pled guilty, pursuant to a written plea agreement, to one count of possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B) (Count One), and one count of using or carrying a firearm in furtherance of a drug trafficking crime

(manufacturing cocaine), in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two), as set forth in an Information. (ECF Nos. 23, 31, and 32). On August 23, 2016, Defendant was sentenced to a total of 10 years in prison (consisting of five-year terms of imprisonment on each count, which were to run consecutively), followed by a total five-year term of supervised release, a $25,000 fine, and a $200 special assessment. (Judgment, ECF No. 42, 58).[1] Defendant also forfeited $300,000 in lieu of his real property. (ECF No. 47, Ex. A). Defendant did not appeal his conviction or sentence.[2]

  B. Defendant's current section 2255 motion.

On July 10, 2019, Defendant filed the instant motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (ECF No. 47). Defendant asserts that his conviction under § 924(c)(1)(A)(i) is void for vagueness in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319, 2323-24 (2019), which has since been held to be retroactively applicable on collateral review. *See In re Thomas*, No. 19-292, 2021 WL 725619, at *1 (4th Cir. Feb. 23, 2021) ("Today we join our sister circuits in holding that *Davis* applies retroactively to cases on collateral review."). Defendant claims that, because *Davis* is substantively retroactive, his § 2255 motion should be considered timely under 28 U.S.C. § 2255(f)(3). He further claims that there is no factual basis to find that he possessed a firearm in furtherance of a "drug trafficking offense" and, therefore, he contends that his conviction under § 924(c) is a miscarriage

---

[1] On November 24, 2020, the District Court entered an Amended Judgment specifying that Defendant's conviction on Count Two was for a violation of 18 U.S.C. § 924(c)(1)(A)(i). (ECF No. 58). However, the amended judgment otherwise appears to be identical to the original judgment entered on August 23, 2016. (ECF No. 42).

[2] Defendant's plea agreement contained a waiver provision that waived any appeal of his sentence unless it exceeded a Guideline level 31. (ECF No. 32 at 6, ¶ 12). The plea agreement also waived any collateral attack unless based upon a claim of ineffective assistance of counsel. (*Id*. at 7, ¶ 13).

of justice. In the alternative to relief under § 2255, Defendant contends that he should be eligible for habeas corpus relief under 28 U.S.C. § 2241.

Because it is apparent from the face of the Defendant's motion that he is not entitled to any relief under either § 2255 or § 2241 in this court, and that summary dismissal thereof is appropriate, the undersigned has not ordered Respondent to respond to the motion.

## II. APPLICABLE STATUTORY AUTHORITY

Prior to 1996, a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 was not subject to a specific time limitation with respect to filing of the motion. However, in 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter the "AEDPA"), which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255.

The one-year period runs from the latest of one of four specified events:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or Laws of the United States is removed if the movant was prevented from making such motion by governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court if that right has been duly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Defendant's conviction became final on or about September 23, 2016, when he failed to timely file a notice of appeal. Thus, the one-year period for filing a § 2255 motion under § 2255(f)(1) expired on or about September 23, 2017. Defendant did not file his section 2255 motion until July 10, 2019. Thus, his motion is untimely unless he can demonstrate that one of the other subsections of section 2255(f) may be applied.

3

Here, Defendant contends that the new case law in *Davis* constitutes a new substantive rule that has been made retroactively applicable on collateral review by the Supreme Court that would make his motion timely under § 2255(f)(3). However, this alternative limitations period applies to Defendant's motion only if:

> (1) he relies on a right recognized by the Supreme Court after his judgment became final, (2) he files a motion within one year from the date on which the right asserted was initially recognized by the Supreme Court, and (3) the Supreme Court or [a lower federal] court has made the right retroactively applicable. *United States v. Brown*, 868 F.3d 297, 301 (4th Cir. 2017) (internal quotation marks and citation omitted).

*Walker v. United States*, No. 2:17-cr-107, 2021 WL 1225981, at *2-3 (E.D. Va. Apr. 1, 2021).

### III. DISCUSSION

A. Defendant's § 2255 motion is untimely and lacks merit.

As noted above, Defendant challenges his § 924(c) conviction under the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319, 2323-24 (2019). In *Davis*, the Supreme Court struck down as unconstitutionally vague the *crime of violence residual clause* contained in § 924(c)(3)(B). Here, however, Petitioner was charged and convicted under § 924(c)(1)(A)(i) with possession of a firearm in furtherance of a *drug trafficking crime*, which is defined in § 924(c)(2) as "any felony punishable under the Controlled Substances Act (21 U.S.C. § 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.), or chapter 705 of Title 46." 18 U.S.C. § 924(c)(2). Petitioner appears to argue that the vagueness analysis applied by the Court in *Davis* should be extended to find that this definition of a drug trafficking crime under § 924(c)(2) is also unconstitutionally vague. Defendant further makes a blanket assertion that "§ 924(c) has been deemed non-criminal due to the vagueness doctrine"

4

and that permitting his conviction thereunder to stand is a "miscarriage of justice." (ECF No. 47 at 4-5).

However, the *Davis* decision did not in any way address or affect the remainder of § 924(c) and, thus, the "drug trafficking crime" definition contained in § 924(c)(2) is unaffected by *Davis* or any other decision by the Supreme Court handed down since Defendant was convicted and sentenced. *See United States v. Crawley*, 2 F.4th 257, 262-63 (4th Cir. 2021) ("the drug trafficking predicate is unaffected by the holdings in *Johnson*, *Simms*, and *Davis*"). Therefore, Defendant's blanket assertion that § 924(c) has been declared non-criminal due to the vagueness doctrine is specious. Furthermore, he does not rely on a new rule of substantive law that has retroactively called his conviction into doubt, and, therefore, he cannot use § 2255(f)(3) and his motion is untimely. *See Chavis v. United States*, No. 7:11-CR-12-1FL, 2021 WL 1574426, at *3 (E.D.N.C. Mar. 4, 2021), *report and recommendation adopted*, No. 7:11-cr-12-FL-1, 2021 WL 1566073 (E.D.N.C. Apr. 21, 2021); *Walker v. United States*, No. 2:17-cr-107, 2021 WL 1225981, at *3 (E.D. Va. Apr. 1, 2021) (*Davis* addressed the scope and constitutionality of the statutory "residual" clause set forth in 18 U.S.C. § 924(c)(3), which is applicable only to the statutory definition of a "crime of violence" not the "drug trafficking crime" definition in § 924(c)(2), rendering *Davis* wholly inapplicable to the case at bar).

Petitioner's argument to overturn his § 924(c) conviction is further grounded in the fact that he did not plead guilty to a "drug trafficking offense." Rather, he pled guilty to two firearms offenses. His motion states in pertinent part:

> Unlike a defendant who was specifically found guilty of a Statute [sic] 21 violation of an unambiguous drug offense followed by a consecutive term of incarceration for possessing a firearm in furtherance of a "drug

> trafficking" offense, Petitioner never pled guilty to any underlying Statute [sic] 21 violations. In fact, the Court established on the record Petitioner's criminal conduct did not involve the distribution of any amount of cocaine that could be defined as a "trafficking" offense under statute, a required element to allow for 18 U.S.C. § 924(c) to be applied at that time. [Citation omitted].

(ECF No. 47 at 4-5). Defendant asserts that "no underlying amount of cocaine was established with any distribution for remuneration to establish a "**drug trafficking offense**" under the Controlled Substances Act or to trigger application of 18 U.S.C. § 924(c)." (*Id.* at 11). In support of this argument, Defendant incorrectly relies upon *United States v. Lowe*, 147 F. Supp.2d 613 (S.D.W. Va. 2000), in which the court found that, where an indictment did not charge, and a jury did not find, a threshold quantity of *marijuana* possessed for distribution by the defendant, or that it was for remuneration, the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) dictated punishment under 21 U.S.C. §§ 841(b)(4) and 844(a) for simple possession. However, the *Lowe* court noted that marijuana is "uniquely provided for within the penalty provisions." *Id.* at 619. Accordingly, these provisions have no application to Defendant's conviction.

Count Two of the Information to which Defendant pled guilty states that he knowingly possessed firearms "in furtherance of a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, that is **manufacturing cocaine**, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a)(1)." (ECF No. 23 at 2) (emphasis added). Thus, his controlled substance offense was a felony that categorically meets the elements of the Controlled Substances Act, which includes manufacturing offenses, and qualifies as a "drug trafficking crime" under § 924(c)(2). Therefore, Petitioner's argument has no merit. Furthermore, this argument

6

was available to him at the time of his conviction and sentencing and is unaffected by the decision in *Davis*.

As *Davis* has no bearing on his case, Plaintiff's motion is not timely under 28 U.S.C. § 2255(f)(3). Moreover, even if the motion were timely filed, Defendant's claim lacks substantive merit, and he cannot demonstrate a miscarriage of justice from his conviction and sentence under § 924(c)(1)(A)(i). Therefore, he is not entitled to any relief under 28 U.S.C. § 2255.

B. Defendant cannot pursue relief in this court under § 2241.

Defendant alternatively asserts that the savings clause contained in 28 U.S.C. § 2255(e) provides him an avenue to pursue relief from his § 924(c) conviction under 28 U.S.C. § 2241. Section 2255(e) states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Thus, Defendant must meet these criteria to have his claim reviewed under § 2241.

However, § 2241 habeas corpus petitions are properly filed in the district where the prisoner is incarcerated, not the court of conviction. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004); *Kabando v. Blinken*, No. 1:20-cv-1270-RDA-JFA, 2021 WL 3929826, at *2 (E.D. Va. Sept. 2, 2021) ("The Supreme Court has left no doubt that when a habeas petitioner challenges her present physical confinement, courts are to follow the general rule that 'jurisdiction lies in only one district: the district of confinement.'"); *Whiting v. Chew*, 273 F.2d 885, 886 (4th Cir. 1960) ("a Federal District

Court has no jurisdiction to issue the writ if the person detained is not within the territorial jurisdiction of the court when the petition is filed."). Here, Defendant is incarcerated at FCI Ashland, in Ashland, Kentucky. Therefore, any habeas corpus petition under § 2241 should be filed in the United States District Court for the Eastern District of Kentucky, which would be required to determine whether Defendant meets the criteria for review under the savings clause in accordance with the precedent of the United States Court of Appeals for the Sixth Circuit. Accordingly, Defendant's motion must still be dismissed from the docket of this court.

## IV. RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Defendant's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 47) and dismiss the civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on Judge Copenhaver.

The Clerk is directed to mail a copy of this Proposed Findings and Recommendation to Movant/Defendant and to transmit a copy to counsel of record.

September 9, 2021

Dwane L. Tinsley
United States Magistrate Judge